**Concurring opinion issued October 27, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00301-CV

_____

### DEANA A. POLLARD SACKS, Appellant

### V.

### THOMAS F. HALL AND THOMAS F. HALL, D.D.S., M.S. P.A., Appellees

---

On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Case No. 919405

---

## CONCURRING OPINION

I agree with the court's resolution of the attorney's fee issue, and I concur in the result. Because Sacks did not preserve an objection to the formulation of

damages charged to the jury, I would take a different approach to evaluating the sufficiency of the evidence of the actual damages awarded to Dr. Hall.

The actual damages award was predicated upon the jury's answer to the following question, with an unorthodox definition of the "benefit of the bargain" lost by Dr. Hall as a result of Sacks's breach of their contract:

**QUESTION NO. 10:**

What sum of money if paid now in cash will fairly reasonably compensate Hall for the damages, if any, that resulted from Sacks' failure to comply with the Financial Contract?

Loss of the benefit of the bargain: The difference, if any, between the value of the agreement between the value of orthodontic care agreed to by the parties and the value of the orthodontic care performed by Dr. Thomas Hall, D.D.S. The difference in value, if any, shall be determined at the time and place the orthodontic care was performed.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages if any.

(a)     Loss of benefit of the bargain sustained in the past.

ANSWER: $_____

During the charge conference, Sacks objected that the evidence did not support the submission of this question, but she did not object to the phrasing of the question or suggest any other legally correct formulation of the damages question. On appeal, Sacks contends that there was no evidence to support the $1,220 in damages awarded in response to this question.

2

The court addresses a different question. Instead of evaluating the evidence against Question No. 10, the court observes that Sacks objected to the submission of Question No. 10, and it uses that circumstance to justify evaluating the sufficiency of the evidence "under a proper definition of 'loss of the benefit of the bargain.'" Measured against a different standard—"the difference between the value as represented and the value as received by the non-breaching party"—the court finds the evidence to be sufficient and the charge error to be harmless.

The authorities noted by the court do not compel this analytical approach. In *St. Joseph Hospital v. Wolff*, 94 S.W.3d 513 (Tex. 2002), the appellant properly and correctly objected to a jury charge due to its incorrect definition of joint enterprise. 94 S.W.3d at 525, 530. Accordingly, the charge objection was sustained on appeal and the sufficiency of the evidence was measured against the correct standard, the one advocated by the appellant in the trial court. *Id*. at 529–30. The other cases noted by the court correctly restated this rule without actually applying it as part of an evaluation of the sufficiency of evidence to support a verdict. *See Latham v. Burgher*, 320 S.W.3d 602, 606 n.1 (Tex. App.—Dallas 2010, no pet.) (noting the *St. Joseph* rule to explain why the jury charge issue was addressed before sufficiency of the evidence); *W.L. Lindemann Operating Co., Inc. v. Strange*, 256 S.W.3d 766, 775 (Tex. App.—Fort Worth 2008, pet. denied) (noting, but not applying, the *St. Joseph* rule).

The appeal before us did not involve a proper objection to a proposed legal standard which was incorrectly overruled by the trial court. In such a scenario, it makes sense to apply the correct legal standard if requested on appeal by the party that properly requested it in the trial court. But in the absence of those circumstances, the ordinary rule should apply: there was no objection to the form of the jury question, and therefore the sufficiency of the evidence should be measured against that jury question. *See, e.g.*, *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 715, 715 n.4 (Tex. 2001); *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 71 (Tex. 2000); *Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000); *Larson v. Cook Consultants, Inc.*, 690 S.W.2d 567, 568 (Tex. 1985).

Measuring the evidence against Question No. 10, the award of $1,220 in actual damages should be affirmed. The jury received evidence about the contract between the parties, as well as evidence that Sacks had received substantially all of the agreed orthodontic care from Dr. Hall because "the majority of the work is done upfront," including the fittings and the braces installation. The remaining services consisted of "short adjustment appointments" which Sacks failed to

utilize. This was sufficient evidence from which the jury could have determined the loss of the benefit of the bargain sustained by Dr. Hall, as defined by Question No. 10.

Michael Massengale
Justice

Panel consists of Justices Keyes, Bland, and Massengale.

Justice Massengale, concurring.